UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH E. HICKS, III,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  20-15** |
| **DARREL VANNOY,**<br>    **Defendant** | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by Magistrate Judge Michael North, recommending Petitioner Kenneth E. Hicks, III's petition for Writ of Habeas Corpus[2] be dismissed with prejudice. Petitioner timely objected to the Magistrate Judge's Report and Recommendation.[3] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation[4] as its own and hereby **DENIES** Petitioner's application for relief.

### BACKGROUND

Petitioner is an inmate currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. In January 2016, a jury found Petitioner guilty of second-degree murder in connection with the shooting death of Anthony Young.[5] At trial, Dontae Bond, Petitioner's nephew, testified that on February 20, 2013, he was at Alex's Sports Bar when he heard a gunshot and turned to see Petitioner holding a gun and a man on the ground.[6] Mr. Bond identified the victim as his friend, Anthony Young, who was known as "Turk."[7]

---

[1] R. Doc. 10.
[2] R. Doc. 3.
[3] R. Doc. 11.
[4] R. Doc. 10.
[5] *Id*. at 1.
[6] R. Doc. 11 at 2.
[7] *Id*.

1

Wilfred Lewis testified at trial that he also was at Alex's Sports Bar that night, heard Turk's voice and another voice, and looked down for a moment. Mr. Lewis looked up only when he heard a shot; he did not see the Petitioner shoot the victim. Mr. Lewis testified he saw Turk fall and saw the Petitioner with a gun in his right hand, which Petitioner then put in his pocket.[8] Later, Mr. Lewis identified Petitioner from a photographic lineup.[9] Laneka Frank-Hicks, Petitioner's wife, provided an alibi for Petitioner, testifying she arrived home from work at 9:30 p.m. on the day of the murder and found Petitioner at home watching television and eating. Shortly afterward, she took a bath, and she and Petitioner went to sleep no later than 11:00 p.m. Around 2:30 a.m., she testified she was awakened by a call from her daughter, who told her the police were looking for Petitioner.[10] Petitioner maintains he is not guilty.[11]

Petitioner's motion for a new trial was denied, and he was sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.[12]

Petitioner filed a Motion for Appeal, which was granted. The Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's conviction and sentence on February 8, 2017.[13] The Louisiana Supreme Court denied review on November 13, 2017.[14]

On or about November 6, 2018, Petitioner submitted his application for post-conviction relief to the state district court. On January 22, 2019, the state district court denied his application for post-conviction relief. On March 13, 2019, the Louisiana Fifth

---

[8] R. Doc. 10 at 5.
[9] *Id.* at 5-6.
[10] *Id.* at 6.
[11] R. Doc. 11 at 6.
[12] R. Doc. 10 at 1.
[13] *State v. Hicks*, 213 So. 3d 458 (La. App. 5th Cir. 2017).
[14] *State v. Hicks*, 230 So. 3d 205 (La. 2017).

Circuit Court of Appeal denied relief on the merits and rejected his cumulative error claim as not cognizable for review in an application for post-conviction relief. The Louisiana Supreme Court denied his writ application on November 5, 2019.

On or about December 23, 2019, Petitioner filed the instant application for habeas corpus relief.[15] The State concedes the federal petition is timely. The claims presented were properly exhausted on direct appeal.

## ANALYSIS

A.   Standard of Review

In reviewing the Magistrate Judge's Report and Recommendations, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court must defer to the decision of the state court on the merits of a pure question of law or a mixed question of law and fact unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  A state court's decision is contrary to clearly established federal law if: "(1) the state court applies a rule that contradicts the governing law announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts." AEDPA requires that a federal court "accord the state trial court substantial deference."

---

[15] R. Docs. 1, 3.

3

B.      Exclusion of Evidence and Right to Present a Defense

Petitioner asserts the trial court improperly excluded evidence regarding the victim's record of criminal convictions (rap sheet) in violation of his right to present a defense.[16] The trial court based its ruling on La. C.E. Art. 404 regarding admissibility of character evidence. The Petitioner's objection was considered and rejected by the state courts on direct appeal.[17] The State argues the Louisiana Fifth Circuit Court of Appeal's decision that the victim's criminal conviction record was irrelevant and, as a result, inadmissible was correct because the Petitioner made neither a claim of self-defense nor a claim of an overt act on the part of the victim at the time of the offense. Petitioner disagrees, saying the exclusion was a violation of his constitutional right to present a defense.[18] The Louisiana Fifth Circuit Court of Appeal acknowledged Petitioner's right to present his defense, but pointed out this right does not require a trial court to permit the introduction of evidence that is inadmissible, irrelevant, or has so little probative value that its value is substantially outweighed by other legitimate considerations in the administration of justice.[19]

The State is correct. Petitioner's argument that the trial court misapplied state evidentiary rules is not a cognizable claim on federal habeas review. Federal habeas review is limited to errors of constitutional magnitude.[20] Accordingly, the federal courts do not review admissibility of evidence under state law. The only issue before the Court on habeas review is whether the allegedly improper exclusion of evidence constituted a

---

[16] R. Doc. 11 at 6.
[17] R. Doc. 10 at 8.
[18] *Washington v. Texas*, 388 U.S. 14, 19 (1967); *State v. Gremillion*, 542 So.2d 1074 (LA. 1989); *State v. Vigee*, 518 So.2d 501 (LA. 1989).
[19] *State v. Lirette*, 11-1167 (La. App. 5 Cir. 6/28/12).
[20] *Gonzales v. Thaler*, 643 F.3d 425, 429 (5th Cir. 2011).

4

denial of fundamental fairness under federal law.[21] The evidentiary rule in this case was applied to exclude highly prejudicial and largely immaterial evidence. As the state appellate court explained, the character evidence in question was highly prejudicial and had minimal probative value in Petitioner's defense. Further, even without using the victim's criminal record, the defense was allowed to introduce evidence of the victim's prior drug involvement and argue the Petitioner's theory that others had a motive to shoot the victim thereby attempting to create reasonable doubt as to Petitioner's guilt. The Louisiana Fifth Circuit Court of Appeal relied on *State v. Brown* in which the defendant argued the trial court erred by prohibiting him from presenting a full defense when it excluded evidence of pertinent character traits of the victim and the victim's criminal record. The defendant argued this evidence could have shown that other people had a motive to kill the victim.[22] The appellate court found the trial court's decision prohibiting the defendant from admitting evidence regarding the victim's criminal history did not prevent the defendant from presenting a defense because the defendant failed to lay a foundation sufficient to support the admission of the victim's criminal record.[23]

In this case, application of the evidentiary rule to exclude evidence of the victim's criminal conviction history did not render the trial fundamentally unfair. The evidentiary rule in this case was applied to exclude inadmissible and largely irrelevant evidence. The evidence in question would have added little, if anything, to Petitioner's defense. The trial court's rulings did not deprive him of the opportunity to make a meaningful defense. The state court decision was not contrary to or an unreasonable application of federal law as

---

[21] *Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998).
[22] *State v. Brown*, 46,669 (La. App. 2 Cir. 2/29/12); 86 So.3d 726, *writs denied,* 12-0724 (La. 9/14/12).
[23] *Id.*

5

determined by the United States Supreme Court. This claim of error is not cognizable on federal habeas review. The Court adopts the Magistrate Judge's finding on this issue.

C. Prosecutorial Misconduct

Petitioner asserts his right to due process and a fair trial was violated when the prosecutor made improper remarks during closing argument.[24] The Due Process Clause of the Fourteenth Amendment guarantees the right to a fair trial, and prosecutors have a "duty to refrain from improper methods calculated to produce a wrongful conviction."[25] In order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[26] The Court must determine whether the denial of relief was contrary to or an unreasonable application of Supreme Court law.

For purposes of federal habeas review, a claim of prosecutorial conduct presents a mixed question of law and fact.[27] The Court must determine whether the denial of relief was contrary to or an unreasonable application of Supreme Court precedents. Viewing the prosecutor's remark in the context of the entire record, Petitioner has not shown the state-court determination was contrary to or an unreasonable application of clearly established federal law. Petitioner does not rely on any federal jurisprudence in his objection, and states only that the prosecutor in closing argument falsely claimed defense counsel denigrated the victim's life while, at the same time, the prosecutor vouched for the victim's

---

[24] R. Doc. 10 at 18.
[25] *Berger v. United States*, 295 U.S. 78, 88 (1935).
[26] *Parker v. Matthews*, 567 U.S. 37, 48 (2012) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).
[27] *Brazley v. Cain*, 35 F.Appx. 390 (5th Cir. 2002).

character by suggesting he was someone whose only mistake was to ingest cocaine on the night of the incident.[28] As described above, Petitioner introduced at trial, evidence of the victim's involvement with drugs and that he had cocaine in his system and on his person at the time of his death. The prosecutor's statement, although unnecessary, was not so prejudicial as to render the trial fundamentally unfair. The state court determination rejecting the prosecutorial misconduct claim was not contrary to or an unreasonable application of clearly established Supreme Court law. The Court finds the Magistrate Judge was correct and adopts the Magistrate Judge's finding on this issue.

D.  Ineffective Assistance of Counsel

In claims three and four, Petitioner claims his trial counsel was ineffective because Petitioner was denied the right to testify at trial and trial counsel failed to inform Petitioner about a pretrial plea offer from the State.[29] In order to prove ineffective assistance of counsel, a petitioner must demonstrate both counsel's performance was deficient, and that the deficient performance prejudiced his defense.[30] To prevail on the prejudice prong of the *Strickland* test, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[31]

Petitioner's claims were adjudicated on the merits in state court. As a result, habeas relief is available only if that adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court.[32] A habeas petitioner has the burden of proving that he was denied

---

[28] R. Doc. 11 at 9.
[29] *Id.* at 26.
[30] *Strickland v. Washington*, 466 U.S. 668 (1984).
[31] *Id.* at 694.
[32] 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86 (2011).

his constitutional right to counsel and to meet this burden, petitioner must do more than simply state he wanted to testify and his attorney prohibited him from doing so.[33]

Petitioner raised ineffective assistance of counsel in his post-conviction relief application and the state courts denied him relief on the merits.[34] The Louisiana Supreme Court determined Petitioner failed to show he received ineffective counsel under *Strickland*. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential, and when the two apply in tandem, review is 'doubly' so." The Fifth Circuit has held that where the record is "devoid of any evidence to corroborate [defendant's] conclusory assertion that he expressed his desire to testify but was prevented from doing so by his attorney" the defendant has not demonstrated deficient performance by counsel.[35] In Petitioner's objection, Petitioner did not offer any corroborating evidence that he expressed his desire to testify but was prevented from doing so by his attorney. Accordingly, Petitioner has not met the high bar set by the Supreme Court. Further, Petitioner failed to show there is a reasonable probability that his testimony as to his whereabouts, if he had been allowed to give it, would have had an impact on the outcome of the trial.

Similarly, Petitioner failed to submit any evidence to substantiate his claim he was not made aware of a pre-trial plea offer until after the trial. "To establish prejudice where 'counsel's deficient performance causes a plea offer to lapse or be rejected,' a petitioner 'must demonstrate a reasonable possibility that: (1) he would have accepted the plea offer had he been afforded effective assistance of counsel; (2) the plea would have been entered

---

[33] *See United States v. Martinez*, 181 F.3d 627, 628 (5th Cir. 1999); *Turcios v. Dretke*, 2005 WL 3263918 at *6 (S.D. Tex. 2005).
[34] R. Doc. 10 at 28.
[35] *Murray v. Vannoy*, 806 F. Appx. 341 (5th Cir. 2020) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

8

without prosecution canceling the offer or the trial court's refusing to accept it; and (3) the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.'"[36] Petitioner alleges co-counsel, Lisa Parker, told his aunt that the State offered a plea of manslaughter. However, Petitioner did not submit an affidavit from Ms. Parker or anyone else to confirm the existence of the plea offer.[37] In Petitioner's objection, Petitioner still fails to attach any form of evidence to show the plea offer existed, his aunt was made aware of it, or that the State was in fact willing to accept a plea bargain to manslaughter.[38] Petitioner has now shown his counsel was ineffective on this basis.

Finally, Petitioner argues the cumulative effects of errors by his ineffective counsel denied him a fair trial. The Fifth Circuit has recognized an independent claim based on cumulative error is applicable in rare instances in which "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'"[39] However, Petitioner "cannot cumulate non-meritorious claims" into a valid claim.[40] In this case, the Court found all of Petitioner's claims to be meritless. Petitioner's claims that the cumulative errors of his trial counsel denied him a fair trial fails because he has not established there were individual errors of constitutional dimension rather than more

---

[36] *King v. Davis*, 898 F.3d 600, 605-06 (5th Cir. 2018) (quoting *United States v. White*, 715 F. App'x 436, 437-38 (5th Cir. 2018).
[37] R. Doc. 10 at 30.
[38] R. Doc. 11.
[39] *Derden v. McNeel*, 938 F.2d 605, 610 (5th Cir. 1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).
[40] *Norris v. Davis*, 826 F.3d 821, 833 (5th Cir. 2016) (citing *Hughes v. Dretke*, 412 F.3d 582, 597 (5th Cir. 2005).

violations of state law. The Court adopts the findings of the Magistrate Judge in the Report and Recommendation.[41]

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge North's Report and Recommendation[42] as its own and hereby **DENIES** Petitioner's application for relief.

**IT IS ORDERED** that the above-captioned matter be **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 19th day of February, 2021.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[41] R. Doc. 10.
[42] *Id.*